UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Daniels and
Emily Daniels,

Plaintiffs,

**PROTECTIVE ORDER**

-vs-

Cabrera & Rephen, P.C. and
Marge Fine, individually,

Defendants.

Court File No.: 00-1439 RHK/JMM

---

Pursuant to F.R.C.P 26(c), the Court hereby approves the Stipulation Regarding Protective Order executed by counsel for the parties attached hereto as Exhibit "A". The herein Protective Order hereby incorporates by reference every term, condition and aspect of Exhibit "A".

**U.S. DISTRICT COURT**

Dated: June 4, 2001

Magistrate Judge John M. Mason

s:\Cabrera & Rephen\Daniels\Stipulation Protective Order.doc

JUN 05 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Daniels and
Emily Daniels,

Plaintiffs,

-vs-

Cabrera & Rephen, P.C. and
Marge Fine, individually,

Defendants.

**STIPULATION REGARDING PROTECTIVE ORDER**

Court File No.: 00-1439 RHK/JMM

---

It is hereby stipulated and agreed that:

1. This Stipulation for Protective Order (hereinafter "Order") shall govern the production, use and disclosure of information and documents produced or disclosed in connection with this action and designated in accordance with this Order.

2. For the purposes of this Order, the term "documents" shall be defined in accordance with Rule 34 of the Federal Rules of Civil Procedure and shall include documents and any and all information contained therein.

3. Any party may designate documents produced or disclosed in connection with this action as "CONFIDENTIAL" and subject to the protections and requirements of this Order. Only information and documents that a party in good faith believed contain or refer to trade secrets or confidential business or financial information or other confidential or proprietary information concerning or relating to one of the parties may be designated as "CONFIDENTIAL."

Exhibit A

4. In the case of a document, the designation "CONFIDENTIAL" shall be made by marking the document with the legend "CONFIDENTIAL."

5. Information conveyed or discussed in testimony at a deposition or a court proceeding shall be subject to this Order provided it is designated as "CONFIDENTIAL" on the record or in writing either at the time the testimony is given or within fifteen (15) days after receipt by the parties of the portion of deposition or the court hearing transcript containing the confidential information. Any party shall have the right to exclude from attendance at a deposition during such time as any information or documents designated as "CONFIDENTIAL" are disclosed any person who is not entitled to receive such information or documents pursuant to this Order.

6. Documents and information designated as "CONFIDENTIAL" pursuant to this Order shall be used only for the purpose of preparing and conducting *this litigation*, and shall not be used or disclosed for any other purpose. This agreement specifically prohibits the use and/or disclosure of any documents or information designated as "CONFIDENTIAL" in any other litigation or matter involving any party, or the attorney representing any party, hereto.

7. Documents and information designated as "CONFIDENTIAL" pursuant to this Order shall not be disclosed to anyone other than:

(a) a court and court personnel considering the dispute between the parties *as to this particular matter only*;

(b) the parties to this action *as to this particular matter only*;

(c) counsel of record for the parties to this action and their employees and representatives, *but only as to this particular matter*;

(d) experts and advisors retained for the purposes of this action *only*, provided, however, that before such expert or advisor is shown or receives any information or document designated as "CONFIDENTIAL," that expert or advisor must agree in writing to comply with the terms of this Order;

(e) stenographic or court reporters engaged for depositions, *but only as to this particular matter*;

(f) deponents during the course of a deposition conducted in conjunction with this particular matter *only*, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as "CONFIDENTIAL," that person must be advised that he or she is obligated to comply with the terms of this Order and must be given an opportunity to review the terms of this Order;

(g) any relevant witnesses and such other persons as the parties may agree on in writing, provided however, before such person is shown or receives any information or document designated as "CONFIDENTIAL," that person must be advised that he or she is obligated to comply with the terms of this Order and that person must agree in writing to comply with the terms of this Order, and provided further that such witness or other person shall be entitled to be shown or receive any information or document designated as "CONFIDENTIAL" only in conjunction with this litigation, and may not

use or refer to any information or document designated as "CONFIDENTIAL" in any other matter.

8. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL," including all copies of documents designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody or control of parties other that the producing party shall be returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work product or transcripts embodying documents or information designated as "CONFIDENTIAL," provided, however, that counsel for each party may retain one (1) copy of each document designated as "CONFIDENTIAL" under seal for a period of six (6) years after said sixty (60) day period solely for reference in the event of a dispute over the use or dissemination of information subject to the terms of this Order. At the end of said six-year period, such documents shall be destroyed or returned to counsel for the producing party.

9. The provisions of this Order shall, absent written consent of the parties hereto, continue to be binding on the parties, their successors and assigns, for a period of two (2) years after the final disposition of this action. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment or modification of or addition to this Order.

10. The confidentiality obligations of this Order shall not prohibit the use by any party or others of any information or documents that are currently in the public domain or that are required to be disclosed by any law, regulation, order or rule of any governmental authority,

provided, however, that the party making such disclosure shall give prompt advance notice of any such disclosure in writing to each of the parties to afford a party the opportunity to seek legal protection from the disclosure of such information or documents.

11. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. The prevailing party in any action or proceeding pursuant to this section shall be entitled to an award of attorney fees and costs incurred in such action or proceeding.

12. Neither this Order, nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by an party that any information or documents designated as "CONFIDENTIAL" hereunder is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

13. This Order shall be without prejudice to the right of either party:

(a) to have determined by motion, at any time, whether any information has been improperly designated as confidential, in which event, the party making the assertion of confidentiality shall have the burden of establishing the same;

(b) to apply to the Court for relief from any requirements hereof, for good cause; and

(c) for an award of attorney fees and costs as set forth in Paragraph 11 herein.

14. Notwithstanding anything to the contrary contained herein, and not by way of limitation of any broader language contained elsewhere herein, any information or document designated as "CONFIDENTIAL" may be utilized or disclosed *only* as authorized herein, and in any event only in conjunction with *this particular litigation*. The disclosure of any information or document designated as "CONFIDENTIAL" pursuant to the terms of this Order does not imply any authorization of any recipient to use or disclose any information or document designated as "CONFIDENTIAL" in any other manner or in any other dispute or litigation, the use and/or disclosure of which is expressly prohibited.

**HELLMUTH & JOHNSON, PLLC**

Dated: 5-30, 2001

By: ______________________

John K. Rossman ID #244831
Attorneys for Defendants
10400 Viking Drive, Suite 560
Eden Prairie, MN 55344
Telephone: (952) 941-4005

**CONSUMER JUSTICE CENTER, P.A.**

Dated: 5/24/0, 2001

By: ______________________

Thomas J. Lyons, Jr., ID #249646
Attorney for Plaintiffs
342 E. County Road D
Little Canada, MN 55117
(651) 770-9707

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.